```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
NINOX TELEVISION LIMITED,                 :     04 CIV. 7891 (DLC)
                                          :
                    Plaintiff,            :     OPINION & ORDER
                                          :
          -v-                             :
                                          :
FOX ENTERTAINMENT GROUP, INC.;            :
FREMANTLEMEDIA NORTH AMERICA, INC.; and   :
FOX TELEVISION STATIONS, INC.,            :
                                          :
                    Defendants.           :
                                          :
-----------------------------------------X
```

Appearances:

For Plaintiff Ninox Television Limited:
Toby Butterfield
Matthew Kaplan
Cowan, Debaets, Abrahams & Sheppard LLP
41 Madison Avenue, 34th Floor
New York, New York 10012

For Defendants Fox Entertainment Group,
Inc., Fremantlemedia North America,
Inc., and Fox Television Stations,
Inc.:
Jeffrey Conciatori
Margret Caruso
Quinn Emanuel Urquhart Oliver & Hedges,
LLP
335 Madison Avenue
New York, New York 10017

DENISE COTE, District Judge:

Ninox Television Ltd. ("Ninox") brought suit against Fox Entertainment Group, Inc. and related entities ("Fox"), claiming that the defendant's reality television series <u>The Complex: Malibu</u> violated the Copyright Act because it was substantially similar to Ninox's New Zealand television series <u>Dream Home</u>. Over an objection by Ninox, discovery in this action was stayed while Fox brought a summary judgment motion addressed to the

copyright claim.

Not long after Ninox filed this suit, the licensor from whom Fox obtained the rights to produce its show, Nine Films & Television Pty Ltd. ("Nine"), sued Ninox in Australia (the "Australian Action") to obtain a declaration that Nine's Australian hit series The Block did not infringe Dream Home. Shortly after Nine prevailed on the merits in the Australian Action, the parties stipulated to dismissal of this action with prejudice ("Stipulation"), and the Court "so ordered" the Stipulation. When the parties submitted the Stipulation to the Court for endorsement, they advised the Court by letter of their disagreement as to whether a plaintiff's dismissal of its action with prejudice rendered the defendant a prevailing party and of Fox's intention to move for an award of attorney's fees.

Delivering on its promise, Fox now moves for attorney's fees, contending that Ninox brought this action despite understanding that The Complex: Malibu was not substantially similar to Dream Home, and unreasonably increased the cost of litigation by not agreeing to dismissal before the parties had briefed both a motion for summary judgment and Ninox's motion to strike a report submitted by an expert for Fox in conjunction with Fox's reply brief on the summary judgment motion.

The parties dispute the implications of Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598 (2001), for this motion. In particular, Fox asserts that a dismissal with prejudice is a judgment on the

2

merits and allows it to qualify as a prevailing party under Buckhannon and receive an award of attorney's fees under the Copyright Act.

In Buckhannon, the Supreme Court answered the question of whether the term "prevailing party", which appears in numerous federal statutes, includes "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Id. at 600. The Court answered the question no. Id. The Court explained that the term prevailing party is a term of art, referring to "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." Id. at 603 (citation omitted). Thus, a prevailing party is "one who has been awarded some relief by the court,... [and] has prevailed on the merits of at least some of his claims." Id. (citation omitted). After reviewing its prior decisions in this area, the Court concluded that "[t]hese decisions, taken together, establish that enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." Id. at 604.

As explained by the Court of Appeals, to be a prevailing party after Buckhannon, "a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also judicially sanctioned." Roberson v.

3

Giuliani, 346 F.3d 75, 79 (2d Cir. 2003)(citation omitted).  A judgment on the merits carries "sufficient judicial imprimatur" to create a prevailing party.  Id. at 80.  A dismissal of an action with prejudice "has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action." Nemaizer v. Baker, 793 F.2d 58, 60 (2d Cir. 1986).  See Claiborne v. Wisdom, 414 F.3d 715, 719 (7th Cir. 2005).

Thus, with the parties' stipulation of dismissal with prejudice, Fox has become a prevailing party and is entitled to move for an award of attorney's fees.  As Fox points out, as a matter of policy, requiring a defendant to reject a plaintiff's offer to dismiss its claims with prejudice in order to preserve its right to obtain attorney's fees would burden courts with the necessity of resolving unnecessary summary judgment motions.

Costs and fees may be awarded to a party prevailing in a copyright action through the exercise of a court's equitable discretion.  A court should consider among any other relevant circumstances, "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence", while keeping in mind "the purposes of the Copyright Act." Fogarty v. Fantasy, 510 U.S. 517, 534 n.19 (1994) (citation omitted); see Matthew Bender & Co., Inc. v. West Pub. Co., 240 F.3d 116, 121 (2d Cir. 2001).

Turning to the merits, Ninox does not contend that <u>The Complex: Malibu</u> is substantially similar to <u>Dream Home</u> in the way plaintiffs are traditionally required to prove to succeed on a copyright claim.[1] Rather, it explains that it filed this action in order to obtain "an expansion" of copyright law and recognition of a "novel theory of format rights" for television programs, in particular reality shows. It argues that rulings in this area will be of assistance to the developing format-licensing industry.

Ninox explains that it had no choice but to file suit since Fox ignored its cease and desist letters, and that it agreed to a dismissal with prejudice in order to conserve its financial resources for the appeal of the adverse decision in the Australian Action. Since making that representation, however, Ninox has abandoned the appeal. Ninox also argues that its financial resources are dwarfed by the defendants' (and Nine's) superior economic power. Ninox has offered no evidence, however, of an inability to pay the award of attorney's fees requested here.

It is unnecessary to decide the summary judgment motion to conclude that Ninox's claims under the Copyright Act were frivolous and objectively unreasonable. Ninox essentially concedes that point. The decision rendered in the Australian Action, which draws on principles of American law and discusses

---

[1] Ninox contends at most that Fox copied the structure and certain elements of <u>Dream Home</u> that were highly original.

claims paralleling those brought here, reinforces that conclusion. At best, Ninox argues that it hoped for some vaguely defined extension of copyright law that might provide it some relief.

Ninox's motivation is harder to assess. It appears that Ninox was principally motivated to bring this suit not by issues arising directly under the Copyright Act, but by a mistaken but genuine belief that Fox had tortiously interfered with Ninox's contract rights. Once in the litigation, Ninox tried to make the litigation more burdensome and expensive for Fox, but those efforts were largely unsuccessful. Over Ninox's objections, Fox won a stay of discovery and the right to bring an early summary judgment motion. Much of the cost and burden of litigation rested on Fox's licensor, who undertook the Australian Action. Although Fox complains that it had to brief not just its own motion for summary judgment, but also a motion to strike an expert report attached to Fox's summary judgment reply brief, Ninox is correct that to the extent it wanted to preserve its arguments about the propriety of attaching that expert report to a reply brief, it was prudent to move promptly to strike the report. That motion practice was not undertaken in bad faith.

In sum, any litigation is burdensome and expensive, and this litigation is no exception. That said, the cost of litigation was controlled through Fox's successful litigation strategy. That strategy limited expenditures and ultimately produced Ninox's agreement to dismiss the action with prejudice. Although

Ninox's copyright claim is frivolous under prevailing law, because this litigation would have applied copyright principles to a relatively new field of intellectual property, format licensing, as a matter of discretion, the Court will refrain from awarding attorney's fees.

SO ORDERED:

Dated: New York, New York
June 13, 2006

DENISE COTE
United States District Judge